# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JOSE A. JIMENEZ,

                       **Plaintiff,**

-vs-                                      **Case No.  6:07-cv-638-Orl-31KRS**

**ELITE ASSOCIATES & GROUP, INC.,**
**and CARLOS I. LABARCA,**

                       **Defendants.**

_____

## AMENDED REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration after an evidentiary hearing on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 14)** |
| **FILED:** | **September 21, 2007** |

## I.    PROCEDURAL HISTORY.

       On April 20, 2007, Plaintiff Jose A. Jimenez filed a three-count complaint against Elite

Associates & Group, Inc. (Elite Associates) and Carlos I. Labarca alleging violations of the overtime

and minimum wage provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*., and,

as to Elite Associates only, breach of an employment contract.  Doc. No. 1.  Each of the defendants

was served with process.  Doc. Nos. 6, 7.  Because the defendants failed to respond to the complaint,

the Clerk of Court entered defaults against each of them at Jimenez's request.  Doc. No. 9.  Jimenez

now moves for the entry of default judgment.  Doc. No. 14.

Jimenez filed the following evidence in support of the motion:

- Affidavit of Jose Jimenez, doc. no. 14-2 (Jimenez Aff.), and

- Affidavit of Attorney's Fees and Costs by K.E. Pantas, doc. no. 14-3 (Pantas Aff.).

Pursuant to the direction of the Honorable Gregory A. Presnell, presiding district judge, I

conducted an evidentiary hearing on the issue of damages.  Doc. No. 16.  Plaintiff Jimenez appeared

and testified at the hearing through a paralegal employed by counsel for Plaintiff acting as a Spanish

interpreter.  Defendant Labarca also appeared and questioned Jimenez.  I offered Defendant Labarca

the opportunity to testify or present evidence, but he declined to do so.

I agreed to withhold issuance of this Amended Report and Recommendation through January

25, 2008, to permit Defendant Labarca to hire counsel and/or file a motion to set aside the default.

That time has passed and, as of the writing of this Amended Report and Recommendation, counsel

has not appeared for either defendant and a motion to set aside the default has not been filed.

Accordingly, the motion is ripe for resolution.

## II.    STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which

are assumed to be true, provide a sufficient legal basis for entry of a default judgment.  *Nishimatsu*

*Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held

to admit facts that are not well-pleaded or to admit conclusions of law.").  Therefore, in considering

a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint

to determine whether the plaintiff is entitled to a default judgment.  *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default.  Rather, the Court determines the amount and character of damages to be awarded."  *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).  If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)).  However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages.  *Id.*

The plaintiff has the burden of proving the amount of damages to be awarded.  When the employer has violated its duty to keep adequate records, the employee satisfies this burden by producing "sufficient evidence to prove that he 'performed work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'"  *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).  If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's *prima facie* case, the "court may award approximate damages based on the employee's evidence."  *Id.*; *see also Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) ("[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.").

### III.    ALLEGATIONS OF THE COMPLAINT.

Jimenez was employed by Elite Associates in Orlando, Florida from October 8, 2006 to October 15, 2006, as a painter.  Doc. No. 1 ¶ 4.  Elite Associates is an employer as defined in the FLSA, and Jimenez was engaged in commerce as defined in the FLSA.  *Id.* ¶¶ 5, 6.  Labarca was the owner and/or officer of Elite Associates.  *Id.* ¶ 8.  Labarca was substantially in control of the terms and conditions of Jimenez's work.  *Id.* ¶ 9.

In Count I, Jimenez alleges that the defendants failed to "compensate [him] on the regular payday for the workweek of October 8, 2006 through October 15, 2006 in an amount equal to or greater than the federal minimum wage for all hours worked."  *Id.* ¶ 12.  This violation was willful. *Id.*

In Count II, Jimenez alleges that he "worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed."  *Id.* ¶ 14.  This violation was willful. *Id.*

In Count III, Jimenez alleges that "the parties entered into an oral employment agreement whereby Defendant agreed to compensate Plaintiff $350.00 for each apartment he painted."  *Id.* ¶ 16. Jimenez further alleges that he painted 14 apartments from October 8, 2006 to October 15, 2006, without compensation.  *Id.* ¶ 17.

IV.    **ANALYSIS.**

    A.    *Liability.*

        1.    <u>FLSA Minimum Wage and Overtime Claim</u>.

To establish a claim for payment of minimum wages and overtime compensation under the

FLSA, Jimenez must establish the following:

First, that he was employed by Elite Associates during the time period involved;

Second, that he was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Third, that the defendants failed to pay the minimum wage and overtime compensation required by law.

Eleventh Circuit Pattern Jury Instructions–Civil 1.7.1 (2005).

By failing to answer the complaint, Elite Associates admits that it employed Jimenez during

the time period involved in this case.  It admits that Jimenez was engaged in commerce.  It admits that

it failed to pay Jimenez minimum wages and overtime compensation as required by the FLSA.  This

is sufficient to establish that Elite Associates is liable to pay Jimenez the minimum wages and

overtime compensation that he is owed for his work.

        2.    <u>Breach of Contract Claim</u>.

"'Under Florida law, the elements of a breach of contract action are (1) a valid contract; (2)

a material breach; and (3) damages.'"  *Bland v. Freightliner LLC*, 206 F. Supp. 2d 1202, 1210 (M.D.

Fla. 2002) (quoting *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st Dist. Ct. App. 1992)).

By failing to answer the complaint, Elite Associates admits that: (1) it entered into an oral

employment contract with Jimenez; (2) it did not pay him for his work; and (3) Jimenez was damaged

as a result of its nonpayment.  This would be sufficient to establish liability for breach of contract if Jimenez presented evidence of the damage he suffered as a result of the breach.

> 3.    Joint and Several Liability.

Under the FLSA, an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d).  "'The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid [overtime] wages.'"  *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)).  "To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.* at 638.

By failing to answer the complaint, Labarca admits that he was an owner and/or officer of Elite Associates, and was substantially in control of the terms and conditions of Jimenez's work. Accordingly, Labarca is jointly and severally liable with Elite Associates for minimum wages and overtime compensation due under the FLSA but unpaid.

> B.    *Damages.*

Jimenez relies on his affidavit and testimony to establish the compensation due under the FLSA and the breach of contract cause of action.  It is well established that "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372,

1375 (11th Cir. 1999) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).  In this case, the defendants have not answered the complaint.  Thus, I find that Jimenez's affidavit and testimony is sufficient evidence to show the amount and extent of the work he performed, and provides an adequate basis for calculating his damages.

           1.   <u>Breach of Contract</u>.

During his employment with Elite Associates, Jimenez was compensated based upon the number of apartments he painted.  At the evidentiary hearing, Jimenez identified a document he had written recording the apartments he painted during the period beginning October 8, 2006 through October 15, 2006.  Court's exhibit 1.[1]  This document listed 21 apartment numbers.  Jimenez testified that he had painted some of the apartments and assisted others with touch-up and finishing work on other apartments.  He acknowledged that he was compensated in the amount of $210.00 for the touch-up and finishing work, as reflected at the bottom of the document.  He testified, however, that he was not compensated for the 14 apartments that he completely painted.

As to some apartments, his handwritten note bears the notation "completo," which means complete.  He gave conflicting testimony regarding this notation.  He testified, first, that "completo" meant that he painted the walls and ceiling of the designated apartments.  He testified next that "completo" meant that he did the touch-up and finishing work.  Finally, he testified that "completo" meant that he had finished painting the apartment.  It was clear to me that Jimenez had no specific recollection of the number of apartments he had completely painted during the week in question.  Therefore, I find Jimenez's testimony that he painted 14 apartments during the relevant week to be

---

[1] Although the document is written in Spanish, the interpreter translated it during the evidentiary hearing.

not credible.  Because Jimenez has not sustained his burden of presenting evidence sufficient to calculate damages arising from breach of contract, I recommend that the Court award no damages on the breach of contract cause of action.

> 2.   <u>Minimum Wages under the FLSA</u>.

Under the FLSA, Jimenez is entitled to be compensated for the difference between the wages he received and $5.15 per hour for work he performed.  29 U.S.C. § 206(a)(1).  When an employee is employed on a piece-rate basis, any compensation received for performing the piece-rate work is included in the calculation of total wages.  29 C.F.R. § 778.111.

Jimenez testified that from October 8, 2006 through October 15, 2006, he worked from 7:00 a.m. to 7:30 p.m. each day, with a one-half hour break for lunch.  His testimony in this regard was credible.  As such, Jimenez worked 12 hours each day for 7 days, for a total of 84 hours.  The statutory minimum wage that should have been paid to Jimenez is $432.60.[2]  However, the amount of compensation Jimenez is owed must be reduced by the wages he received.

At the evidentiary hearing, Jimenez acknowledged receiving $210.00 as compensation for performing touch-up and finishing work on apartments.  This figure was recorded in Jimenez's handwritten note tracking the apartments he painted during the period beginning October 8, 2006 and October 15, 2006. Court's exhibit 1.  As such, Jimenez's minimum wage claim must be reduced by $210.00.  Accordingly, he is entitled to $222.60 in unpaid minimum wages.

---

[2] This figure is computed as follows: minimum wage ($5.15) multiplied by hours worked (84) totals $432.60.

3.    <u>FLSA Overtime Claim</u>.

Under the FLSA,  Jimenez's "regular hourly rate of pay is computed by adding together his total earnings for the workweek from piece rates and all other sources" and then dividing that total "by the number of hours worked in the week . . . ."  29 C.F.R. § 778.111.

There is only one work week at issue in this case, October 8, 2006 through October 15, 2006. As discussed above, Jimenez did not establish that he was owed wages based on the piece-rate applicable to painting apartments.  Therefore, for purposes of overtime compensation, the minimum wage, $5.15 per hour, becomes his regular rate of pay.

As discussed above, Jimenez worked 84 hours during the relevant week, 44 hours of which are to be compensated at one and one-half times his regular rate of pay.  Because he has already been awarded straight time for all hours worked, he is entitled only to the overtime premium of $2.58 per hour ($5.15 ÷ 2).  As Jimenez worked 44 hours of overtime from October 8, 2006 to October 15, 2006, he is entitled to unpaid overtime compensation in the total amount of $113.52.[3]

4.    <u>Liquidated Damages</u>.

By failing to answer the complaint, Elite Associates and Labarca admit that they acted willfully in failing to pay Jimenez the statutorily required minimum wage and overtime compensation.  When, as here, the defendants have not presented a defense that their failure to pay minimum wage and overtime compensation was in good faith, the court must also require the employers to pay liquidated damages in an additional amount equal to "the amount of . . . [the employee's] unpaid . . . compensation."  29 U.S.C. §§ 216(b), 260; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185,

---

[3] This figure is computed by multiplying the number of hours of overtime worked (44) by the overtime compensation premium ($2.58).

1191 n.18 (5th Cir. 1979).  Accordingly, Elite Associates and Labarca are liable to pay Jimenez the amount of FLSA wages owed to him, $336.12,[4] as liquidated damages.

        C.      *Attorneys' Fees and Costs*.

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).

Here, Jimenez originally sought $2,910.00 in fees for the services provided by his attorneys in connection with this case, plus $407.50 in costs.  Pantas Aff. at 2.  The Court agreed to take judicial notice of the additional time counsel expended in attending the hearing on the present motion.  The courtroom deputy clerk's minutes reflect that the hearing lasted 95 minutes.  Doc. No. 18.

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-302 (11th Cir. 1988).

In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation.  *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985); *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (enumerating additional factors to consider).  "The applicant bears the burden of producing

---

[4] This figure is computed by adding the minimum wages due ($222.60) to the overtime compensation due ($113.52).

satisfactory evidence that the requested rate is in line with prevailing market rates.  Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299 (internal citations omitted).  It is well established that the court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees.  *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

The "'fee applicant bears the burden of . . . documenting the appropriate hours and hourly rates.'"  *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.  If the party submits inadequate documentation, the district court may reduce the amount of the award.  *See id*.

      1.    <u>Reasonable Hourly Rate</u>.

K. E. Pantas avers that he has been licensed to practice law in Florida since 1993.  He has over thirteen years of litigation experience and has practiced exclusively in the area of employment law since 2000.  He seeks a rate of $300.00 per hour.  Pantas Aff. ¶ 3.

In other FLSA cases, this Court has previously determined that a reasonable rate for Pantas' services, considering the Orlando legal market, is $250.00 per hour.  *See, e.g.*, *Reyes v. Falling Star*

*Ent., Inc.*, No. 6:04-cv-1648-Orl-KRS, 2006 WL 2927553, at *3 (M.D. Fla. Oct.12, 2006).[5]

Accordingly, considering the Orlando legal market and awards in similar cases, an hourly rate of

$250.00 for work performed by Pantas is appropriate in the absence of objection.

        2.    <u>Reasonable Number of Hours</u>.

Jimenez submitted a detailed time statement reflecting the work performed by Pantas in this

case. Pantas Aff. at 2-3.  As indicated in the time statement, Pantas expended time filing two motions

for extensions of time to file Jimenez's motion for default judgment and reviewed orders granting

those extensions. *See* entries dated 07/30/07, 07/31/07, 08/29/07, 08/30/07.  While one extension of

time may have been necessary, it appears that the second extension of time arose from Jimenez's

failure to meet with counsel to prepare the affidavit in support of the motion.  Doc. No. 12.  Attorney's

fees incurred due to a party's lack of diligence are not reasonably charged to the opposing party.

Therefore, I recommend that the Court reduce Pantas' time by 0.4 hours.

Pantas also spent an excessive amount of time reviewing standard documents.  Specifically,

on April 23, 2007, he recorded 0.2 hours to receive and review the related case and interested persons

order.  On May 4, 2007 he spent 0.2 hours to receive and review the affidavit of service as to Labarca

and an additional 0.2 hours to receive and review the affidavit of service as to Elite Associates.  These

forms are standard in all litigation in this Court, and Pantas is familiar with them.  A reasonable time

---

[5] In other cases, far less than $250.00 per hour has been awarded for Pantas' work. *See, e.g., Kravits v. Carpet-Mills of America-Fla., Inc.*, Case No. 6:06-cv-1637-Orl-31KRS, doc. nos. 17-18 (M.D. Fla. May 2007)(awarding $110.00 per hour); *Rampersaud v. Ackeridge Communications, LLC*, Case No. 6:06-cv-125-Orl-31KRS, doc. nos. 9-10 (M.D. Fla. Aug.2006)(awarding a total of $1.00 in attorney's fees).

to review these documents is 0.1 hours.  Accordingly, I recommend that Pantas' time for these tasks be reduced by 0.3 hours.

In all other respects, I find, in the absence of objection, that the hours worked were reasonable. The Court should also award Pantas another 1.5 hours for the time he spent attending the evidentiary hearing.[6]

     3.    <u>Lodestar</u>.

Based on these recommendations, the lodestar attorney's fee in this case is as follows:

| Attorney | Hourly Rate | Hours | Total |
|---|---|---|---|
| K. E. Pantas | $250.00 | 10.5 | $2,625.00 |
| **Total:** | | | **$2,625.00** |

The Court may reduce the lodestar attorney's fees based on the results obtained. *Hensley*, 461 U.S. at 434.  In my original report and recommendation, I recommended, based on Jimenez's affidavit, that the Court award Jimenez $4,900.00 for breach of contract, $1,283.33 for overtime compensation based on the hourly rate established in connection with the breach of contract claim, and $1,283.33 in liquidated damages, resulting in a total damages award of $7,466.66.  On remand, after considering Jimenez's testimony, I concluded that the averments in Jimenez's affidavit were not credible, resulting in a reduction of the damage calculation to $672.24.  I take judicial notice that the affidavit was necessarily written by counsel for Jimenez because Jimenez does not speak English.  The damage

---

[6]  Pantas has not requested an award of fees for his paralegal's work as an interpreter at the hearing.  Such an award would not be appropriate because the paralegal was not an experienced or certified interpreter.

award calculated in this report is less than 10% of the damage award based on the averments in Jimenez's affidavit.

Counsel must conduct an inquiry reasonable under the circumstances to ensure that the factual contentions in a case will likely have evidentiary support. "An attorney has not made a reasonable inquiry concerning the facts, if he has not made any inquiry, or if he has relied only on his client, when time permitted him to make a further investigation." *See Mike Ousley Prods., Inc. v.* Cabot, 130 F.R.D. 155, 158-59 (S.D. Ga. 1990)(internal quotations and citations omitted), *aff'd*, 952 F.2d 380 (11th Cir. 1992). There has been no showing that counsel attempted to corroborate Jimenez's testimony by making a pre-suit request for production of Jimenez's work records from the defendants or governmental wage and hour offices. Thus, counsel must bear some responsibility for the lack of success in this case. Accordingly, I recommend that the attorney's fee be reduced to 10% of the lodestar to correspond to the reduction in the damage award to Jimenez based on the lack of success on the merits of his causes of action. As such, the attorney's fee award would be $265.20.

4.    Costs.

Jimenez seeks costs in the amount of $407.50 for reimbursement for the filing fee ($350.00) and for the costs of serving process in this case ($57.50). Pantas Aff. ¶ 4. The FLSA provides for a mandatory award of "costs of the action" to a prevailing plaintiff. 29 U.S.C. § 216(b). The United States Court of Appeals for the Eleventh Circuit has held that in FLSA cases, courts may award as costs those expenses permitted by 28 U.S.C. § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). The filing fee and costs of service are permitted under § 1920. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2001). Accordingly, Jimenez is entitled to an award of costs from the defendants in the amount requested.

**V.      RECOMMENDATION.**

For the foregoing reasons, I recommend that Plaintiff's Renewed Motion for Entry of Default Judgment, doc. no. 33, be **GRANTED in part and DENIED in part**.  I recommend that the Court enter a default judgment against Elite Associates & Group, Inc. and Carlos I. Labarca on Jose A. Jimenez's FLSA overtime compensation claim and order the defendants, jointly and severally, to pay Jimenez damages in the amount of $672.24 (including liquidated damages), $262.50 in attorney's fees, and $407.50 in costs.  Because the purpose of the FLSA is to ensure that the worker receive the statutory compensation due, I further recommend that the Court require that the damages payable to Jimenez not be reduced by any contingent fee agreement between Jimenez and his attorneys.  I further recommend that the Court **DISMISS** Count III of the complaint, the breach of contract claim.  Finally, I recommend that the Court direct the Clerk to issue a judgment consistent with its ruling on this Amended Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 13th, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

Courtroom Deputy